**UNITED STATES of America, Plaintiff,**

**v.**

**GREAT NORTHERN RAILWAY COMPANY, a corporation, Defendant.**

**Civ. No. 3-58-411.**

United States District Court
D. Minnesota,
Third Division.

July 19, 1963.

**416**

Miles W. Lord, U. S. Atty., Minneapolis, Minn., John J. Connelly, Asst. U. S. Atty., St. Paul, Minn., for plaintiff.

Anthony Kane, L. E. Torinus, Jr., and Curtis H. Berg, St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This matter comes before the Court on motions by both parties for summary judgment. Jurisdiction is based on 15 U.S.C.A. § 714b(c).

Plaintiff is suing for a refund of a certain portion of a freight charge on several carloads of grain shipped from various parts of Minnesota consigned to Minneapolis and then reconsigned to Duluth. These shipments were made from May 20, 1953 to October 27, 1955. Defendant carried the grain and charged a rate based upon the distance from origin to destination by way of Minneapolis. Plaintiff contends that the appli-

cable rate would be the shortest distance between origin and Duluth using not more than three lines. Western Trunk Lines Freight Tariff 417–D Items 95 and 100 apply in this case. These items state that the method of computation will be the short intrastate distance using not more than three lines unless transit privileges are accorded.

Defendant claims that reconsignment at Minneapolis was a transit privilege. Item 575 of the tariff states that transit privileges include reconsignment. This Court has held that construction of a railroad tariff must give, as far as possible, effect to all of its parts.[1] The interpretation of Item 575 proposed by plaintiff would render nugatory the definition of transit privileges set forth in that item.

Item 95 states that where transit privileges have been accorded, the rate shall be based on the distance computed via the transit station, origin to destination. In the present case, the shipments originated at various points in Minnesota. The destination was Duluth and all shipments, except one, went to Minneapolis for reconsignment. Rates, therefore, should be based on point of origin to Minneapolis and thence to Duluth. The proper method of computation was used by defendant.[2]

The only direct shipment to Duluth was charged at the same rate as the others. Defendant admits that this charge was improper and that the overcharge was $22.29. Plaintiff should recover in this amount.

For the above reasons, defendant's motion for summary judgment is granted with the exception that judgment shall be granted to plaintiff in the amount of $22.29 for the overcharge on the direct shipment, Commodity Credit Corporation Claim No. 1–MP–20427.

It is so ordered.

Plaintiff may have an exception.

1. Great Northern Ry. Co. v. Commodity Credit Corp., D.C.Minn., 164 F.Supp. 442.

2. Great Northern Railway Co. v. Commodity Credit Corp., D.C.Minn., 175 F. Supp. 104.